Filed in Open Court 1/25/08.

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Criminal Action No. 07-173-SLR |
| ) | |
| WILLIAM VANOVER, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM OF PLEA AGREEMENT

Pursuant to discussions between the United States of America, by and through its attorneys, Colm F. Connolly, United States Attorney for the District of Delaware and Shawn A. Weede, Assistant United States Attorney for the District of Delaware, and the defendant, William Vanover, by and through his attorney, Gordon L. McLaughlin, Esquire, the following agreement is hereby entered into by the respective parties:

1. The defendant shall waive indictment and plead guilty in the United States District Court for the District of Delaware to Count One of a felony Information. Count One charges him with being a prohibited person in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1), which carries a maximum sentence of a term of imprisonment of ten (10) years, a fine of $250,000, or both, three years supervised release, and a $100 special assessment.

2. The defendant understands that if there were a trial, the Government would have to prove the following elements with respect to Count One of the Information: (1) on or about August 2, 2007, he knowingly possessed a firearm, that is a Rossi, model 68, .38 caliber revolver, serial number 19798; (2) he had previously been convicted of a crime punishable by more than one year of imprisonment; and (3) the firearm affected interstate commerce, that is, that the firearm had

previously crossed state lines. The defendant knowingly, voluntarily and intelligently admits his guilt to each of the above described elements of Count One of the Information.

3. The defendant further knowingly, voluntarily, and intelligently admits the following additional conduct which is attributable to him for purposes of sentencing on Count One. He sold the firearm he possessed in Count One – namely, a Rossi, model 68, .38 caliber revolver, serial number 19798 – to an undercover law enforcement officer on August 2, 2007, for the sum of $200. Further, the defendant knowingly possessed a second firearm, that is a Smith & Wesson, model 29-3, .44 caliber revolver, serial number BBC8498, which affected interstate commerce by crossing state lines. The defendant sold this second firearm – that is, the Smith & Wesson, model 29-3, .44 caliber revolver, serial number BBC8498 – to an undercover law enforcement officer on August 13, 2007, for the sum of $500.

4. The defendant agrees to cooperate fully and truthfully with the government as follows:

   a. The defendant agrees to provide truthful, complete and accurate information and testimony. The defendant understands that if he testifies untruthfully in any material way, he can be prosecuted for perjury.

   b. The defendant agrees to provide all information concerning his knowledge of, and participation in, the subject matter of the Information of which he has knowledge, as well as any other crimes of which the defendant has knowledge. The defendant further understands and agrees that (i) all information and cooperation provided pursuant to this agreement is on the record; and (ii) all information provided under any prior off-the-record proffer letter shall be on the record as of the date of the defendant's entry of a guilty plea.

   c. The defendant agrees that he will not falsely implicate any person or entity and he will not protect any person or entity through false information or omission.

  d. The defendant agrees to testify truthfully at any Grand Jury, hearing, or trial if called as a witness.

  e. The defendant agrees to hold himself reasonably available for any interviews that the government may require.

  f. The defendant agrees to provide all documents or other items under his control or which may come under his control which may pertain to any crime.

  g. The defendant understands that his cooperation shall be provided to any law enforcement agency as requested by counsel for the government.

  h. To enable the Court to have the benefit of all relevant sentencing information, the defendant waives any rights to a prompt sentencing, and will request that sentencing be postponed until such time as the government agrees that his cooperation is complete.

  i. The defendant agrees and understands that this agreement requires that his cooperation may continue even after the time that the defendant is sentenced. Failure to continue to cooperate after sentence is imposed shall be grounds to void this agreement.

  j. The defendant agrees that if the government determines that the defendant has not provided full and truthful cooperation, or has committed any federal, state or local crime between the date of this agreement and his sentencing, or has otherwise violated any other provision of this agreement, the agreement may be voided by the government and the defendant shall be subject to prosecution for any federal crime of which the government has knowledge including, but not limited to, perjury, obstruction of justice, and the substantive offenses arising from this investigation. The prosecution may be based on any information provided by the defendant during the course of his cooperation, and this information may be used as evidence against him. Moreover, the defendant's previously entered guilty plea will stand and cannot be withdrawn by him.

5.  If the government in its sole discretion determines that the defendant has fulfilled his obligations of cooperation as set forth above, at the time of sentencing, the government will:

   a.  Make the nature and extent of the defendant's cooperation known to the Court.

   b.  Make a motion for a downward departure from the Sentencing Guidelines pursuant to Sentencing Guideline § 5K1.1. The government shall make any such motion only if, in its sole discretion, it determines that the defendant has provided substantial and truthful assistance in the investigation and prosecution of another person who has committed an offense. The defendant understands that as of the date of this agreement, no determination has been made as to the defendant's eligibility for a substantial assistance motion. The defendant further understands that the government in its sole discretion will decide whether and how to investigate any information provided by him. The defendant further understands that if he breaches this plea agreement in any way, including by committing a new crime after the date of this agreement, the government may refuse to file a substantial assistance motion.

   c.  Make whatever sentencing recommendation the government deems appropriate.

6.  The defendant's rights under this agreement shall in no way be dependant upon or affected by the outcome of any case in which he may testify.

7.  The defendant understands that if his statements made to the government before the date of this agreement are untruthful in any material way, this agreement is violated and becomes voidable by the government.

8.  Provided that the United States does not subsequently learn of conduct by the defendant inconsistent with acceptance of responsibility, the United States agrees that in consideration of the defendant's timely guilty plea, a two-point reduction in the Offense Level for the defendant's affirmative acceptance of responsibility is appropriate. Further, if it is determined that the defendant's Offense Level, prior to the application of the aforementioned two-level reduction, is

Level 16 or greater, the government agrees to move for the reduction of the Offense Level by one additional level, pursuant to Sentencing Guideline Section 3E1.1(b), for a total reduction of three points.

9.  The defendant understands that the District Court must consider the United States Sentencing Guidelines and the factors set forth in Title 18, United States Code, Section 3553(a) in determining an appropriate sentence. The defendant also understands that the ultimate determination of an appropriate sentence will be up to the sentencing judge. The Court may impose a sentence which exceeds, falls below, or is contained within the sentencing range prescribed by the Sentencing Guidelines. The defendant expressly acknowledges that if the Court imposes a sentence outside the range set forth in the Sentencing Guidelines, or otherwise different than the defendant expected, or contrary to the recommendation of his attorney or the United States, the defendant will not be allowed to withdraw his guilty plea on that basis.

10. The defendant agrees to forfeit all interests in the firearm and ammunition involved in the violation alleged in Count One of the Information, to wit:

a Rossi, model 68, .38 caliber revolver, serial number 19798;

a Smith & Wesson, model 29-3, .44 caliber revolver, serial number BBC8498;

fifty-two (52) rounds of Winchester 9 mm ammunition;

thirty-three (33) rounds of Remington .38 caliber ammunition;

twenty-nine (29) rounds of Winchester .357 magnum ammunition.

The defendant further agrees to waive all interest in any such asset in any administrative or judicial forfeiture proceeding, whether criminal or civil, state or federal. The defendant agrees to consent to the entry of orders of forfeiture for such property and waives the requirements of Federal Rules of Criminal Procedure 32.2 and 43(a) regarding notice of the forfeiture in the charging instrument, announcement of the forfeiture at sentencing, and incorporation of the forfeiture in the

judgment. Defendant acknowledges that he understands that the forfeiture of assets is part of the sentence that may be imposed in this case and waives any failure by the court to advise him of this, pursuant to Rule 11(b)(1)(J), at the time his guilty plea is accepted.

11. The defendant agrees to pay the $100 special assessment the day of sentencing. Should he fail to do so, the Defendant agrees to voluntarily enter the United States Bureau of Prisons' administered program known as the Inmate Financial Responsibility Program through which the Bureau of Prisons will collect a portion of defendant's prison salary and apply it on defendant's behalf to the payment of the outstanding debt ordered.

12. The United States Attorney reserves the right to defend any ruling of the District Court should there be an appeal from this case.

13. It is further agreed by the undersigned parties that this Memorandum supersedes all prior promises, representations, and statements of the parties; that this Memorandum may be modified only in writing signed by all the parties; and, that any and all promises, representations, and statements made prior to or after this Memorandum are null and void and have no effect whatsoever.

COLM F. CONNOLLY
United States Attorney

_____
Gordon L. McLaughlin, Esquire
Attorney for Defendant

By: _____
Shawn A. Weede
Assistant United States Attorney

X _____
William Vanover
Defendant

Dated: 1\8\08

AND NOW, this 25th day of January, 2007, the foregoing Memorandum of Plea Agreement is hereby (accepted) (rejected) by this Court.

_____
United States District Judge